REGAN, Judge.
This is an appeal from a judgment of the lower court maintaining several oppositions to the proposed account of the administra-trix of the succession of Robert W. Smith, Sr., filed by his only son, Robert W. Smith, Jr., who was born of the decedent’s first marriage, which was terminated by the death of his wife in July of 1963. On December 4, 1965, he married his second wife, Miss Gladys Davies, with whom he lived until his death in 1967. He died intestate, leaving as survivors his wife and his son by his previous marriage.
Several oppositions to the proposed account of the administratrix were filed by Robert W. Smith, Jr., but only three of these oppositions, which were maintained by the lower court, form the subject matter of this appeal. We shall consider them in the order that they were argued by counsel for the respective litigants. First, the administratrix proposed to pay herself the sum of $500.00 which she repaid her mother for what she asserts was a loan made to the community.
The record is almost devoid of any significant evidence relative to this transaction. The administratrix claims that she borrowed a sum to finance a Hawaiian honeymoon for herself and her husband. However, there was no promissory note, written agreement or any oral evidence of indebtedness. The affairs of the adminis-tratrix’ mother were being cared for by her son, Joseph Davies. If any loan was made, it would have been between Davies and the administratrix. In view of the nebulous evidence adduced herein on this point, we are unable to conclude that the lower court abused its discretion in maintaining the opposition to this item proposed to be paid to the separate estate of the ad-ministratrix.
Secondly, the administratrix proposed to reimburse herself the amount of $4,000.00. She claims, as we understand it, that the sum of $8,000.00,[1] which was advanced by the decedent on account of the purchase of the property in which they resided, was a gift given to her and her husband by his father, and, therefore, she is entitled to one-half thereof.
Relative to this aspect of the case, the record discloses that when the decedent agreed to marry the administratrix, he purchased this property for himself and his future bride. It was acquired for the price of $27,950.00. A deposit of $3,000.00 was made in conformity with the agreement to purchase. This money emanated from two *571 checking accounts in the decedent’s name. The remainder of the purchase price was paid by the decedent with funds obtained by cashing in a homestead savings certificate in the amount of $4,000.00, and $1,-788.00 was paid by a check drawn on an account of the decedent in the National Bank of Commerce making a total of $8,-788.00 [2] paid by the decedent. It is, therefore, apparent that the property was purchased with the decedent’s own funds prior to his marriage to the administratrix.
In any event, since the purchase was made only several months before the marriage of the decedent to the administratrix, their home was registered in the names of both individuals. When the administratrix sold the property in which she and her mother resided prior to her marriage to the decedent, she used $8,000.00 of the proceeds thereof to reduce the amount of the mortgage so that her investment in their residence was essentially equal to that of her husband.
The record discloses a dispute relative to the admissibility of a letter found in the decedent’s safety deposit box addressed to his son in which he explained that the house is “community property since we each have an equal cash interest”. Irrespective of the admissibility of this letter, the other documentary evidence shows that the decedent and the administratrix made equal monetary contributions to their residence in that it was purchased jointly and not as husband and wife. Despite the fact that the property was acquired before the existence of the community of acquets and gains, the parties nevertheless owned it equally. Therefore, the lower court was correct in maintaining the opposition of the decedent’s son to the extent of $4,000.00; the son is entitled to the decedent’s one-half interest in the property, and the administra-trix is entitled to the other half interest therein.
Finally, the administratrix proposed to reimburse her separate account in the amount of $2,186.91, which she transferred from her checking account to an account entitled “Mr. and Mrs. Robert W. Smith, Sr.” The administratrix claims that she transferred this amount from her separate checking account to a joint account on which she and her late husband had the right to draw checks and which she mainly managed after the marriage. It is well settled under our law and the jurisprudence interpretative thereof, that the wife, unlike the husband, possesses the right to restitution of her paraphernal effects, either delivered to her husband or delivered for use to the community in conformity with the rationale emanating from Civil Code, Article 2391. However, as the organ for the court pointed out in the case of Miller v. Handy,[3] this right of restitution is only available to a wife who abandons her own authority and control over her paraphernal property and permits her husband to manage it as if it were his own and not merely as her agent.
In this case, the administratrix did not surrender her right to control of the property to her husband, but instead elected to retain control thereof by placing it in a joint checking account upon which she could and did draw checks. In view of these facts, we are convinced that there was no delivery of the money by the wife to the husband for administration as if it were his own.[4]
Hence, our inevitable conclusion is that the lower court did not err in allowing the opposition to this proposed disbursement contained in the tableau of distribution.
For the foregoing reasons, the judgment of the lower court is affirmed.
*572 All costs of this appeal are to be paid by the. administratrix in her individual capaity.
Affirmed.

. Tliis sum was rounded off to an even $8,000.00 by a stipulation of the litigants.

. Supra 1.

. 33 La.Ann. 160 (1881).

.See also Paxton v. Bramlette, La., 228 So.2d 161 (1969).